NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

S. E. NICHOLS OF OHIO,
INC., Respondent,

and

James E. Durda, Additional
Respondent in Contempt.

No. 72–1493.

United States Court of Appeals,
Sixth Circuit.

Feb. 8, 1979.

Elliott Moore, Deputy Associate Gen. Counsel, Paul Elkind, Asst. Gen. Counsel, for Contempt Litigation, N. L. R. B., Washington, D. C., for petitioner.

James L. Burke, Elmira, N. Y., for respondent.

Before EDWARDS, Chief Judge, and CELEBREZZE and MERRITT, Circuit Judges.

*Order*

This cause came on to be heard upon the petition of the National Labor Relations Board to adjudge S. E. Nichols of Ohio, Inc. and James E. Durda in civil contempt for having failed and refused to comply with a judgment issued by this Court on December 27, 1972. Upon the Board's allegation that respondents have refused to comply with said judgment, the Court, on August 2, 1974, referred the matter for hearing to Judge Frank J. Battisti, Chief Judge, United States District Court for the Northern District of Ohio as Special Master. We affirm the Master's Report filed with the Court on November 3, 1978, and in consideration thereof it is hereby

ORDERED AND ADJUDGED that respondents S. E. Nichols of Ohio, Inc. and James E. Durda are in civil contempt for having violated the judgment of this Court dated December 27, 1972; and

IT IS FURTHER ORDERED that S. E. Nichols of Ohio, Inc. ("the Company"), its officers, agents, representatives, successors and assigns shall purge themselves of such contempt by:

(a) Fully complying with and obeying the said judgment of this Court and each of the provisions of the Board's order thereby enforced.

(b) Forthwith offering immediate and full reinstatement to Lena Barnhart and Carolyn Moore to their former or, if those positions no longer exist, substantially equivalent positions, without prejudice to their seniority and other rights and privileges, including, *inter alia*, crediting them with wage increases granted other employees in comparable positions at the store during the period they were absent from work; and making them whole for any loss of wages they may have suffered by reason of the Company's and Durda's discrimination against them, said amounts, unless agreed upon, to be computed by the Board in a supplemental proceeding, subject to review by this Court.

(c) Preserving and making available to the Board upon request, for examination and copying, all the Company's correspondence, books, records and other documents necessary or useful to determine the amounts due to make whole the employees as set forth in paragraph (b).

(d) Upon reinstatement, refraining from imposing or threatening to impose any undue or burdensome working conditions or job tasks upon Barnhart and Moore which are not regularly requested of other sales clerks.

(e) Upon reinstatement, refraining from denying wage increases or other benefits to Barnhart and Moore to discourage participation in protected activities.

(f) Immediately posting in conspicuous places, including all places where notices to employees are customarily posted, for a period of sixty (60) consecutive days, copies of the contempt adjudication and of a notice in the form prescribed by the Board and signed by the Company which states that

the Company and Durda have been adjudicated in civil contempt of Court for failing and refusing to comply with the decree of this Court and that the Company will take the action in purgation ordered by the Court. Said notices and copies of the contempt adjudication shall be maintained in clearly legible condition throughout such posting period and the Company shall assure that they are not altered, defaced or covered by any other material.

(g) Mailing to each of the Company's current employees and all former employees who were employed by the Company since the entry of the Court's decree on December 27, 1972, a copy of the aforesaid signed notice and of the contempt adjudication and providing the Board's Regional Director for the Eighth Region with proof of such mailing.

(h) Filing separate sworn statements with the Clerk of this Court, and a copy thereof with the Director of the Eighth Region of the Board, within ten (10) days after the entry of the adjudication and again at the end of the posting period, showing what steps have been taken by the Company to comply with the Court's direction.

(i) Reimbursing the Board for all costs and expenditures, including reasonable counsel fees, incurred by the Board in the investigation, preparation, presentation and final disposition of this proceeding.

In order to assure compliance with the provisions of this adjudication,

IT IS FURTHER ORDERED that upon the failure of the Company, its officers, agents, representatives, successors and assigns to take the action and inaction herein provided, this Court shall impose a compliance fine of $10,000 for each and every violation of the foregoing provisions and a further compliance fine of $200 per day for each and every day that such violation continues.

The Court reserves jurisdiction to issue writs of body attachment and to take any other such appropriate action against any officer, agent, representative, successor or assign of the Company responsible for noncompliance with the foregoing provisions of this order.